## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

NAJARRED T. WALKER,

     Petitioner,

     v.

FRANK BISHOP, *Warden*, and
MARYLAND ATTORNEY GENERAL,

     Respondents.

Civil Action No. TDC-20-1076

### MEMORANDUM OPINION

Petitioner Najarred T. Walker, an inmate at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, has filed a self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his convictions and sentence in the Circuit Court for Frederick County, Maryland for first degree rape, second degree rape, third degree sex offense, and second degree assault. The matter is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED and DENIED.

### BACKGROUND

### I.    Convictions and Sentences

On March 29, 2012, a jury in the Circuit Court for Frederick County found Walker guilty of first degree rape, second degree rape, third degree sex offense, and second degree assault. The evidence at trial established that on November 1, 2004, at approximately 6:00 p.m., K.B., a 16-year-old girl, was walking to a dance studio in Frederick, Maryland to pick up her younger sister

from a dance class. A Black male wearing a gray hooded sweatshirt and sweatpants followed K.B. under a bridge, put his hand over her mouth, threatened to kill her if she screamed, and pushed her against a wall. The man, whose face was mostly concealed by the hooded sweatshirt, kissed K.B. on her face, kissed and licked her neck, and proceeded to vaginally rape her. K.B. immediately reported the rape to the police and was examined at Frederick Memorial Hospital. At the hospital, a nurse performed a sexual assault forensic examination, during which samples were collected from K.B. A forensic scientist with the Maryland State Police Crime Laboratory tested the collected samples and forwarded a swab with a saliva sample from K.B.'s neck for DNA analysis. The DNA analysis determined that the saliva sample contained one major contributor, who was an unknown male, and one minor contributor whose DNA matched that of K.B.

Over six years later, on May 2, 2011, a Maryland State Police Crime Laboratory forensic scientist compared the DNA from the major contributor to the saliva swab to a DNA sample taken from Walker and found that it matched to a reasonable degree of scientific certainty. The statistical probability of the DNA belonging to someone other than Walker in the Black population was one in 1.8 quintillion, and the statistical possibility of it belonging to someone other than Walker in the Caucasian population was one in 30 quintillion.

On May 8, 2012, Walker was sentenced to life imprisonment for first degree rape and an additional, consecutive ten-year sentence for third degree sex offense. The remaining charges merged for sentencing purposes. Walker is required to register for life as a Tier III sex offender and is eligible for parole.

## II.    Direct Appeal

Walker filed a direct appeal to the Court of Special Appeals of Maryland, now known as the Appellate Court of Maryland ("the Appellate Court"). On appeal, Walker asserted three

2

questions for review, none of which are included in his federal habeas petition: (1) whether the trial court erred in admitting a photograph of Walker taken more than six years after the incident; (2) whether the trial court erred in permitting an allegedly improper closing argument by the prosecutor; and (3) whether the evidence was sufficient to sustain the convictions. In an unreported opinion issued on July 7, 2014, the Appellate Court affirmed Walker's convictions and sentences. The Court of Appeals of Maryland, now known as the Supreme Court of Maryland, denied Walker's Petition for a Writ of Certiorari on October 22, 2014.

### III.    State Post-Conviction Proceedings

On March 27, 2015, Walker filed a self-represented Petition for Post-Conviction Relief pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7-101 to 7-204 (LexisNexis 2018). In that filing, Walker asserted that his trial counsel was ineffective because he failed to interview, investigate, and subpoena potential lay and expert witnesses. On June 21, 2016, Walker, through counsel, filed an Amended Petition for Post-Conviction Relief in which he asserted that his trial counsel rendered ineffective assistance by: (1) failing to review the DNA evidence and retain an expert witness to refute that evidence at trial; and (2) failing to subpoena lay witnesses to testify at trial. On April 10, 2017, Walker's counsel filed a Supplemental Petition for Post-Conviction Relief in which he asserted that the trial counsel rendered ineffective assistance of counsel by: (1) requesting and failing to object to compound voir dire questions, allegedly in violation of *Dingle v. State*, 759 A.2d 819 (Md. 2000); (2) failing to inquire further and utilize a peremptory challenge on Juror No. 37 after the juror admitted that he had a prior conviction for driving under the influence of alcohol; and (3) failing make an adequate inquiry into whether two jurors had a familial relationship.

These filings (collectively, "the State Petition") were addressed at a post-conviction hearing before the Circuit Court for Frederick County ("the Circuit Court") on May 2, 2019. At the hearing, Walker's counsel withdrew the issue relating to the possible familial relationship between two jurors. The only witness called to testify at the hearing was Walker's trial counsel. On November 19, 2019, the Circuit Court issued an opinion denying all of Walker's claims.

On December 26, 2019, Walker filed a self-represented Application for Leave to Appeal from the denial of post-conviction relief in which he asserted all claims in the State Petition that were addressed by the Circuit Court except the claim that his counsel provided ineffective assistance by failing to object to compound voir dire questions. On April 14, 2020, the Appellate Court of Maryland summarily denied Walker's Application for Leave to Appeal.

## DISCUSSION

In his Petition for a Writ of Habeas Corpus filed in this Court, Walker asserts that his counsel was ineffective based on the following acts or omissions: (1) failing to object to compound voir dire questions; (2) failing to inquire further about and to use a peremptory challenge on Juror No. 37 when he admitted that he had a potentially disqualifying conviction for driving under the influence of alcohol; (3) failing to subpoena lay witnesses to testify at trial; (4) failing to engage a DNA expert to refute the state's DNA evidence; and (5) failing to make adequate inquiry into a possible familial relationship between two jurors.

In their Answer, Respondents contend that Walker's first ground for relief is procedurally defaulted because he failed to include it in his Application for Leave to Appeal submitted to the Appellate Court. Respondents also claim that Walker's fifth ground for relief is procedurally defaulted because he withdrew this claim at the state post-conviction hearing. Respondents argue that the remaining claims fail on the merits.

I.    **Legal Standards**

    A.    **Petition for a Writ of Habeas Corpus**

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). The federal habeas statute sets forth a highly deferential standard for evaluating state court rulings, under which state court decisions are to "be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *see Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A state court adjudication is contrary to clearly established federal law under § 2254(d) when the state court: (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" that decision. *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (citation omitted). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (quoting *Williams*, 529 U.S. at 411). The state court's application of federal law must be "objectively unreasonable." *Id.*

(quoting *Williams*, 529 U.S. at 409). Furthermore, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation omitted). The fact that "reasonable minds reviewing the record might disagree about the finding in question" is not enough to deem a state court's factual determination unreasonable. *Id.*

### B.   Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a petitioner must establish two prongs: deficient performance and prejudice. *Id.* at 692. First, the petitioner must show that counsel's performance was deficient in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Deficiency exists when "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688; *see Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "Judicial scrutiny of counsel's performance must be highly deferential" and apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

Second, the petitioner must show prejudice in that the deficient performance by counsel consisted of errors that "were so serious as to deprive the defendant of a fair trial" whose result

was reliable. *Id.* at 687. To establish such prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* A petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

## II.    Procedural Default

Respondents argue that Walker's first and fifth grounds for relief are procedurally defaulted because he did not exhaust state remedies as to these claims and no longer has the right to do assert them in state court. A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in a non-capital case, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Maryland Supreme Court by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (LexisNexis 2020). To exhaust a claim through state post-conviction proceedings, a defendant must assert the claim in a petition for post-conviction relief filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to 7-103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed

7

with the Appellate Court. *Id.* § 7-109. If the Appellate Court denies the application, there is no further review available, and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

As to the first claim, that Walker's trial counsel was ineffective by using and failing to object to impermissible compound voir dire questions, Walker's post-conviction counsel asserted this claim in the Supplemental State Petition and argued it before the Circuit Court. However, Walker failed to include this first ground for relief in his Application for Leave to Appeal to the Appellate Court. As for the fifth claim, that trial counsel was ineffective by failing to inquire during voir dire about the familial relationship between two jurors, Walker asserted this claim in his Amended State Petition, but his counsel withdrew it during the post-conviction hearing. Thus, Walker failed to exhaust available state remedies relating to these two claims. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (declining to review a claim not raised in a petition for a writ of certiorari to the highest state court with jurisdiction in a given state); *Williams v. Steiner*, 213 F. Supp. 600, 602 (D. Md. 1963) (finding that the petitioner failed to exhaust state remedies because he "did not raise the question in his post conviction proceeding").

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to note a timely appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (*per curiam*) (failure to raise a claim during post-conviction proceedings). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*

*v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1). Maryland law does not permit Walker to file a second and successive state petition for post-conviction relief. *See* Md. Code Ann., Crim. Proc. § 7-103(a). Walker's first and fifth claims for relief are therefore procedurally defaulted.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show: (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Neither exception to the procedural default doctrine applies. As to the first claim, relating to the use of compound questions during voir dire, Walker asserts that his procedural default should be excused because of his status as a self-represented litigant. Specifically, he claims that his

failure to include this issue in his Application for Leave to Appeal was the result of the fact that he has "no knowledge of procedure and limited access to a library." Reply at 1, ECF No. 12. Courts, however, have consistently found that the fact that a petitioner was self-represented and lacked any specialized knowledge of the law does not establish "cause" for purposes of procedural default. *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (holding that a petitioner's *pro se* status, ignorance of the law and procedural requirements, and limited access to a law library did not establish cause to excuse a procedural default); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (finding that a petitioner's *pro se* status does not constitute adequate ground for cause); *see also Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir. 1989) (finding that "cause" for procedural default generally requires more than a showing that a petitioner lacked the ability to "act or think like a lawyer"). Where Walker has provided no basis to excuse the procedural default other than his self-represented status and his unfamiliarity with the law and applicable procedures, the Court does not find cause sufficient to excuse a procedural default.

As for the fifth claim, Walker asserts that the procedural default should be excused because his post-conviction counsel was ineffective and withdrew the claim without his knowledge. As an initial matter, the record demonstrates that Walker was present at the post-conviction hearing at the time that his counsel withdrew this claim and thus cannot plausibly claim ignorance. Post-Conviction Hrg. Tr. at 7-8; ECF No. 8-8. In *Martinez v. Ryan,* 566 U.S. 1 (2012), the Supreme Court recognized that where post-conviction counsel erred in failing to raise ineffectiveness of trial counsel as a ground for relief at the initial stage of collateral proceedings, such an error may provide grounds to excuse procedural default of the ineffectiveness claim. *Id.* at 9. However, in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the Supreme Court curtailed the ability of habeas petitioners to successfully assert ineffective assistance of post-conviction counsel as "cause" to

excuse procedural default by holding that federal district courts may not hold evidentiary hearings or consider any evidence outside of the state court record to assess cause and prejudice under *Martinez*. *Id.* at 1738-39. Here, to show that he was prejudiced by his post-conviction counsel's withdrawal of his claim relating to jurors with a possible familial relationship, Walker requires evidence outside of the record. *Shinn* is therefore fatal to Walker's ability to demonstrate the cause and prejudice to excuse his procedural default.

As for the second exception to procedural default, Walker does not assert, and he has provided no basis to conclude, that he is actually innocent. Where Walker has provided no basis for excusing his procedural default, his claims of ineffective assistance of trial counsel based on the failures to object to improper compound voir dire questions and to address two jurors' potential familial relationship are not properly before this Court and will be dismissed.

**III.    Juror No. 37**

As for the remaining claims, Walker contends that his trial counsel failed to make appropriate inquiries after Juror No. 37, who served as a deliberating juror, disclosed during voir dire that he had a conviction for driving under the influence of alcohol. Walker argued that Juror No. 37 could have been disqualified under Maryland law because at that time, an individual was disqualified from jury service if that individual served a sentence of more than six months, and driving under the influence carried a potential prison sentence exceeding six months. *See* Md. Code Ann., Cts. & Jud. Proc. § 8-103(b)(4) (LexisNexis 2006). On the State Petition, the Circuit Court rejected Walker's claim because he failed to show either deficient performance or prejudice.

Specifically, during the post-conviction hearing, trial counsel testified that neither the State nor the defense asked Juror No. 37 if he had served prison time for his conviction, so it was not clear whether he was disqualified. Walker's trial counsel testified that during his career he has

11

assented to the seating of jurors convicted of misdemeanors, and if he did not ask Juror No. 37 further questions it was because he felt the juror was "not going to be a problem for [his] client in this case." Post-Conviction Hrg. Tr. at 40-41.

Questions asked during voir dire are matters of trial strategy. *See Conner v. Polk*, 407 F.3d 198, 206 n.5 (4th Cir. 2005). Thus, the Circuit Court's finding that the failure to ask questions to ascertain whether Juror No. 37 had a disqualifying conviction was a matter of trial strategy and thus not deficient is neither contrary to, nor an unreasonable application of, federal law. Further, Walker has not demonstrated prejudice. The record does not show that Juror No. 37 was in fact disqualified to serve under Maryland law, and even if it did, the seating of a technically disqualified juror is not a structural error and is subject to harmless error analysis. *See United States v. Uribe*, 890 F.2d 554, 562 (1st Cir. 1989). Notably, Walker has not provided any basis to conclude that there was a reasonable probability that the outcome of his trial would have been different if Juror No. 37 had been disqualified. *See Strickland*, 466 U.S. at 694. The Court therefore finds no ineffective assistance of counsel on this basis.

## IV.    Failure to Subpoena Witnesses

Walker also argues that his counsel was ineffective because he failed to subpoena certain fact witnesses to testify at trial. In the State Petition, Walker identified those witnesses as Randy David Greenleaf, Akilah Mitchell, Malasia Holland, and Tamar Lawson. Walker contends that these witnesses would have testified that the victim knew Walker before the rape. During the state post-conviction hearing, however, trial counsel testified that Walker had provided him with only street names and physical descriptions of these witnesses, and his private investigator could not locate them. Moreover, trial counsel was assigned to the case seven years after the events in

12

question, which further explained the inability to locate these witnesses. Relying on this testimony, the Circuit Court found that Walker could not show that trial counsel's performance was deficient.

The record supports the conclusion that trial counsel made a reasonable effort to locate the witnesses identified by Walker. Moreover, it is unclear how witness testimony that the victim knew Walker would have advanced trial counsel's strategy, because trial counsel testified that Walker originally told him he did not know K.B. and did not engage in an encounter with her that day, so a consent defense was never his strategy. Walker has not established that his trial counsel's performance in seeking to locate these witnesses was deficient, so the post-conviction court's rejection of this claim was neither contrary to nor an unreasonable application of federal law.

## V.    DNA Expert

Finally, Walker contends that his trial counsel was ineffective when he failed to retain a DNA expert to challenge the state's evidence at trial. On the State Petition, the Circuit Court concluded that Walker's trial counsel was not deficient based on the following analysis:

> [Trial counsel] testified before the current court that when he first met with his client, the defendant denied ever knowing the victim. Therefore, since his client claimed he never met or had any physical contact with the victim he did not believe that consensual sex was an issue he needed to defend against. Trial counsel also testified that after it was revealed that Petitioner's saliva was found on the victim's neck, he sought the advice of an expert witness who informed him that the evidence was "iron-clad" and virtually irrefutable. Based on his experience with juries, trial counsel feared that this jury would find the DNA evidence very credible, and despite there being no evidence of the defendant's sperm being found anywhere on the victim, upon consulting with two trusted DNA experts he thought he could not attack the credibility of his client's DNA on the victim. Therefore, [trial counsel] believed the appropriate trial strategy in this case was to attack the State's chain of custody, preservation of the evidence, and the adequacy of the machine used to link the defendant to the alleged rape.

State Record 93-94, ECF No. 8-1; *see also* Post-Conviction Hrg Tr. at 21, 26-31.

Thus, Walker's trial counsel provided uncontroverted testimony that he investigated the possibility of challenging the DNA evidence and made a strategic decision based on available

expert advice.  This strategic choice falls within the ambit of circumstances that are entitled to a high degree of deference, such that the Court does not find that the Circuit Court's determination that trial counsel's performance was not deficient is not an unreasonable application of federal law. *See Meyer v. Branker*, 506 F.3d 358, 371 (4th Cir. 2007).  Further, Walker's claim also fails on the issue of prejudice because he has not identified an expert witness prepared to offer testimony or evidence that refutes the State's DNA evidence.  When a petitioner's ineffective assistance of counsel claim rests on trial counsel's failure to call particular witnesses, expert or otherwise, courts require "a specific proffer . . . as to what an expert witness would have testified." *Vandross v. Stirling*, 986 F.3d 442, 452 (4th Cir. 2021) (quoting *Goins v. Warden, Perry Corr. Inst.*, 576 F. App'x 167, 173 (4th Cir. 2014)).  A petitioner's failure to do so "reduces any claim of prejudice *to mere speculation* and is fatal to his claim." *Id.*  The Court will therefore deny the Petition on this issue.

## VI.    Certificate of Appealability

A petitioner may not appeal the dismissal or denial of a federal habeas petition without first receiving a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right"

14

and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Walker's claims have been dismissed on both substantive and procedural grounds. Upon review of the record, this Court finds that Walker has not made the requisite showings. The Court therefore declines to issue a certificate of appealability. Walker may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DISMISSED and DENIED. The Court will decline to issue a certificate of appealability. A separate Order shall issue.

Date:   September 28, 2023

THEODORE D. CHUANG
United States District Judge

15